1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10 | LAURA MESSEE,

11 |                     Plaintiff,

12 |          v.

13 | CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

14 |                     Defendant.

15

CASE NO. 2:16-CV-01259-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16      Plaintiff Laura Messee has filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

17 review of Defendant's denial of her application for supplemental security income ("SSI") and

18 disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

19 Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the

20 undersigned Magistrate Judge. *See* Dkt. 8.

21      After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

22 failed to provide specific, clear, and convincing reasons for finding Plaintiff's subjective

23 symptom testimony not entirely credible. Had the ALJ properly considered Plaintiff's testimony,

24 the residual functional capacity may have included additional limitations. Therefore, the ALJ's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1   error is harmful and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C.

2   § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further

3   proceedings consistent with this Order.

4   <u>FACTUAL AND PROCEDURAL HISTORY</u>

5   On August 27, 2012, Plaintiff filed applications for DIB and SSI, alleging disability as of

6   May 15, 2006. *See* Dkt. 9, Administrative Record ("AR") 16. The applications were denied upon

7   initial administrative review and on reconsideration. *See* AR 16. A hearing was held before ALJ

8   Larry Kennedy on May 12, 2014. *See* AR 40-69. In a decision dated October 3, 2014, the ALJ

9   determined Plaintiff to be not disabled. AR 16-33. Plaintiff's request for review of the ALJ's

10  decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

11  Commissioner. *See* AR 1-3, 20 C.F.R. § 404.981, § 416.1481.

12  In the Opening Brief, Plaintiff maintains the ALJ failed to: (1) provide specific, clear, and

13  convincing reasons for finding Plaintiff's subjective testimony not entirely credible; and (2)

14  properly weigh the medical opinion evidence. Dkt. 12, p. 1.

15  <u>STANDARD OF REVIEW</u>

16  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17  social security benefits if the ALJ's findings are based on legal error or not supported by

18  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20  <u>DISCUSSION</u>

21  **I.      Whether the ALJ provided specific, clear, and convincing reasons for finding
            Plaintiff's subjective symptom testimony not entirely credible.**

22

23  Plaintiff first contends the ALJ erred by failing to provide specific, clear, and convincing

24  reasons for finding Plaintiff's subjective symptom testimony not entirely credible. Dkt. 12, pp. 2-

4. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider if a claimant's complaints are "inconsistent with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.

A. Plaintiff's Subjective Testimony

Plaintiff completed a Function Report –Adult on November 5, 2012. AR 298-305. She reported it is difficult for her to remember things and complete job-related tasks. AR 298. Plaintiff experiences anxiety, which makes it hard to live, and she is afraid of people, especially if she is not familiar with them. AR 298. Plaintiff reported her back problems make it difficult to lift, bend, walk, squat, stand, reach, sit, kneel, and climb stairs. AR 298, 303. Sometimes it is difficult for Plaintiff to dress, care for her hair, shave, and get in and out of bed due to her back

pain. AR 299. Plaintiff also has difficulties falling asleep and staying asleep, and she experiences nightmares. AR 299. Her impairments cause difficulties completing tasks, concentrating, and following instructions. AR 303.

Plaintiff reported completing small loads of laundry every day and stated she spent two and a half hours a day doing laundry and showering. AR 300. She also goes to the store for food daily; she buys what she needs to eat, eats at the store, and then leaves. AR 301. Plaintiff uses "self-check-out" and leaves the store as soon as possible. AR 302. Plaintiff reads and listens to music daily because it helps her relax. AR 302. Plaintiff notes it has taken her two weeks to read two chapters of a book because she gets distracted. AR 303. She spends time with friends every six months and text messages three friends when she has minutes. AR 302. Plaintiff reported walking or taking public transportation to get places. AR 301. On a good day, she can walk a few blocks. AR 303, 339.

On August 6, 2013, Plaintiff completed a second Function Report-Adult. AR 334-41. She reported it was difficult to leave her apartment because she was afraid of being killed. AR 334. Plaintiff cooks occasionally and does laundry, although it is difficult to do laundry because she is afraid to go outside and the machines are now located outside her apartment. AR 336. Plaintiff states she goes to the doctor and the hospital to visit a friend, but rarely goes out. AR 338. She occasionally text messages and calls friends. AR 338.

During the ALJ hearing, Plaintiff testified she rides the bus, goes grocery shopping, and speaks on the phone with a few friends. AR 51-52. When Plaintiff does not wake up from night terrors, she makes the bed and takes a shower. AR 52.  She continued to report difficulty doing laundry now that the laundry facilities are located outside her apartment. AR 52.

B.  ALJ's Findings

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible[.]" AR 23. The ALJ then recited the medical evidence and explained the weight given to the medical opinion evidence. *See* AR 23-32. While discounting a medical opinion, the ALJ noted he does not find Plaintiff "to be credible due to [1] the inconsistencies with her subjective reports and the objective findings, as well as [2] inconsistencies in her reports regarding her substance use." AR 26. He also stated [3] Plaintiff's wide range of activities suggest her limitations are not as significant as alleged. AR 30-31.

First, the ALJ found Plaintiff not entirely credible because of inconsistencies between her subjective testimony and the objective findings. *See* AR 24, 26. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834.

Here, the ALJ summarized evidence contained in the medical records, but the ALJ did not link the cited medical records to any specific testimony or statements the ALJ found not credible. *See* AR 23-32. In only providing a recitation of the medical evidence, the ALJ failed to

1   identify *which* testimony is not credible and *why* Plaintiff's testimony is not entirely credible

2   based upon the alleged inconsistencies. In fact, the ALJ's finding regarding the alleged

3   inconsistencies between Plaintiff's subjective testimony and the record are buried within the

4   ALJ's recitation of the medical evidence and his consideration of the medical opinion evidence.

5   Accordingly, the ALJ erred in discounting Plaintiff's testimony because her subjective complaints

6   were inconsistent with the objective findings.

7          Second, the ALJ noted he found Plaintiff not entirely credible because of inconsistencies in

8   her reports regarding her substance use. AR 26. While conflicting or inconsistent testimony

9   concerning drug and alcohol use can contribute to an adverse credibility finding, *see*, *e.g.*,

10  *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) (finding claimant's testimony not credible,

11  in part, because "various statements regarding his drinking were not consistent"), in this case it

12  cannot justify finding Plaintiff not entirely credible without further corroboration or explanation.

13  The ALJ merely noted Plaintiff reported inconsistencies regarding her substance use and a

14  physician questioned Plaintiff's prescription drug use. *See* AR 24. The ALJ did not explain how

15  Plaintiff's statements regarding her substance use undermined her testimony. *See Robbins v. Soc.*

16  *Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006). Therefore, this is also not a valid reason for finding

17  Plaintiff's testimony not entirely credible.

18         Third, the ALJ found Plaintiff's "wide range of activities suggests that her limitations are

19  not as significant as alleged." AR 30. The Ninth Circuit has recognized two grounds for using

20  daily activities to form the basis of an adverse credibility determination: (1) whether the

21  activities contradict the claimant's other testimony and (2) whether the activities of daily living

22  meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

23  2007). Here, the ALJ recounted portions of Plaintiff's testimony regarding her daily activities. AR

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1    30-31. He, however, failed to explain how Plaintiff's daily activities were inconsistent with her

2    subjective testimony, nor did he assert Plaintiff's activities met the threshold for transferable work

3    skills. *See* AR 30-31. As the ALJ did not explain "*which* daily activities conflicted with *which*

4    part of [Plaintiff's] testimony," the ALJ erred in rejecting Plaintiff's subjective symptom

5    testimony because of her "wide range of activities." *See Burrell*, 775 F.3d at 1138; *see also*

6    *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate

7    and logical bridge from the evidence to her conclusions so that we may afford the claimant

8    meaningful review of the SSA's ultimate findings.").[1]

9            For the above stated reasons, the Court finds the ALJ failed to provide a specific, clear,

10   and convincing reason for finding Plaintiff's subjective symptom testimony not entirely credible.

11   Accordingly, the ALJ erred.

12          "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

13   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

14   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

15   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

16   F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

17   application of judgment" by the reviewing court, based on an examination of the record made

18   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

19   1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

20

21

22   ───────────────

23       [1] The Court also notes a review of the records cited by the ALJ shows Plaintiff's activities of daily living
     are limited and not inconsistent with her subjective complaints. Therefore, the Court finds Plaintiff's activities of
     daily living are not inconsistent with her testimony. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

24   (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their
     limitations").

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1   Plaintiff testified to greater limitations than the limitations included in the residual

2   functional capacity ("RFC") determination. For example, Plaintiff testified it was very difficult

3   for her to leave her home, concentrate, follow instructions, and remember. Had the ALJ properly

4   considered Plaintiff's subjective testimony, he may have included additional limitations in the

5   RFC and in the hypothetical questions posed to the vocational expert, Mark Harrington,

6   regarding Plaintiff's mental health impairments and her ability to attend work on a consistent

7   basis. As the ultimate disability determination may have changed, the ALJ's error is not harmless

8   and requires reversal.[2]

9   **II.     Whether the ALJ properly weighed the medical opinion evidence.**

10   The ALJ's error in assessing Plaintiff's subjective symptom testimony requires remand to

11   the Commissioner for proper consideration of Plaintiff's RFC and to reconsider each of the

12   remaining steps in the administrative process. As the ALJ's re-evaluation of Plaintiff's testimony

13   may impact all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire

14   matter on remand, completing each step of the sequential evaluation process.

15   When re-evaluating this entire matter on remand, the ALJ must correct the errors

16   included in his evaluation of the medical opinion evidence. Specifically, the ALJ erred by: (A)

17   discrediting medical opinion evidence because the opinions were based on Plaintiff's subjective

18   reports; (B) relying on Plaintiff's alleged inconsistent statements regarding her substance abuse;

19   (C) failing to adequately explain his findings; (D) finding the medical opinion evidence was

20   entitled to little weight because the doctors did not review the record; (E) finding Plaintiff's

21   activities of daily living were inconsistent with the medical opinion evidence; and (F) giving

22

23   [2] The Court also notes, on March 16, 2016, the Social Security Administration changed the way it analyzes
a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). On remand, the ALJ is directed

24   to apply SSR 16-3p when evaluating Plaintiff's subjective testimony.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1  great weigh to non-examining physicians after failing to give specific and legitimate reasons for

2  discounting treating and examining physicians.

3      A.  Plaintiff's Subjective Reports

4      The ALJ gave little weight to the opinions of Dr. Melanie Mitchell, Psy.D. and Dr. David

5  Rolett, M.D., in part, because the opinions appeared to rely on Plaintiff's subjective self-reports.

6  AR 27, 30. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a

7  claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*,

8  533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d

9  595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides

10 his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc.*

11 *Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily

12 based on a patient's self-reports than on clinical observations, there is no evidentiary basis for

13 rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528

14 F.3d at 1199-1200).

15      Here, the ALJ did not properly discount Plaintiff's self-reports as incredible. *See* Section

16 I, *supra*. Therefore, this is not a valid reason for giving little weight to the opinions of Drs.

17 Mitchell and Rowlett. Further, the opinions of Drs. Mitchell and Rowlett are not based more

18 heavily on Plaintiff's subjective complaints than on clinical observations. Dr. Mitchell based her

19 opinion on an interview with Plaintiff, a mental status examination of Plaintiff, her general

20 observations, and Plaintiff's subjective reports. *See* AR 572-76. Dr. Rowlett based his opinion on

21 treating notes, mental status examinations, and observations. AR 672-75, 679-80. Thus, even if

22 the ALJ had properly discounted Plaintiff's subjective testimony, the evidence does not support

23

24

1  finding the opinions of Drs. Mitchell and Rowlett were more heavily based on Plaintiff's

2  subjective self-reports than clinical observations.

3      As the ALJ failed to properly discount Plaintiff's subjective testimony and as Drs.

4  Mitchell and Rowlett did not more heavily base their opinions on Plaintiff's self-reports than on

5  clinical observations, this is not a valid reason for giving little weight to the opinions of Drs.

6  Mitchell and Rowlett.

7      B.  Plaintiff's Substance Use

8      The ALJ gave little weight to Dr. Mitchell's opinion, in part, because Plaintiff was not

9  honest regarding her substance abuse. AR 27. The evidence shows Plaintiff was prescribed high

10  doses of narcotic pain medication to treat her chronic pain. *See e.g.* AR 529-30. The ALJ fails to

11  cite any records showing Plaintiff abused the prescription drugs. In fact, records show Plaintiff

12  did not have substance abuse problem. *See e.g.* AR 371 ("patient gives no history consistent with

13  misuse or abuse of any medication, illegal substance, or alcohol"). As the Court finds the ALJ

14  has failed to show Plaintiff had a substance abuse problem, the Court finds Plaintiff's failure to

15  disclose her alleged substance abuse is not a specific and legitimate reason supported by

16  substantial evidence for giving little weight to Dr. Mitchell's opinion.

17      The ALJ gave little weight to the opinion of Dr. Wayne Dees, Psy.D., in part, because

18  Plaintiff was not honest regarding her last use of prescription drugs. AR 28. At the time of Dr.

19  Dees' opinion, the evidence shows Plaintiff was no longer taking prescription pain medication.

20  *See* AR 61-62, 530, 640. The ALJ fails to explain how Plaintiff's statements regarding when she

21  stopped taking prescription drugs discredits Dr. Dees' opinion regarding Plaintiff's mental

22  limitations. The Court finds Plaintiff's alleged dishonesty regarding her last use of prescription

23

24

1  pain medication is not a specific and legitimate reason for giving little weight to Dr. Dees'

2  opinion.

3          The ALJ also gave little weight to Dr. Rowlett's opinion, in part, because Dr. Rowlett did

4  not mention Plaintiff's history of substance abuse in his opinion. AR 30. However, the ALJ fails

5  to explain why Dr. Rowlett's failure to mention Plaintiff's alleged history of substance abuse

6  undermines his opinion. *See* AR 30. Further, as discussed above, the ALJ failed to show Plaintiff

7  has a history of substance abuse. In discussing Dr. Dees' findings, the ALJ noted Plaintiff

8  reported she had been addicted to prescription pain medication. *See* AR 27-28. The ALJ,

9  however, cites to no evidence showing Plaintiff was abusing her prescription pain medication or

10 taking the medication incorrectly. Accordingly, the Court finds this is not a specific and

11 legitimate reason supported by substantial evidence for giving little weight to Dr. Rowlett's

12 opinion.

13         C.   Failure to Explain Decision

14         The ALJ gave little weight to Dr. Dees' opinion because it was not consistent with the

15 overall record. AR 28. He also gave little weight to Dr. Rowlett's opinion because it was not

16 consistent with objective findings in Plaintiff's treatment notes. AR 30.

17         As the Ninth Circuit has stated:

18         To say that medical opinions are not supported by sufficient objective findings or
           are contrary to the preponderant conclusions mandated by the objective findings
19         does not achieve the level of specificity our prior cases have required, even when
           the objective factors are listed seriatim.  The ALJ must do more than offer his
20         conclusions. He must set forth his own interpretations and explain why they,
           rather than the doctors', are correct.
21
*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).
22
           The ALJ provided only conclusory statements finding the evidence does not support the
23
opinions of Drs. Dees and Rowlett. *See* AR 28, 30. The ALJ failed to identify any specific
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

1   evidence contained within the record or treatment notes which is inconsistent with these two

2   doctors' opinions. Without more, the ALJ has failed to meet the level of specificity required to

3   reject a physician's opinion. The ALJ's conclusory statements finding the opinions of Drs. Dees

4   and Rowlett are inconsistent with the record and treatment notes are insufficient to reject these

5   opinions. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of

6   specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d

7   599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was

8   contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ

9   felt the treating physician's opinion was flawed"). Accordingly, on remand, if the ALJ intends to

10  reject the opinions of Drs. Dees and Rowlett as inconsistent with the record and/or treatment

11  notes, he must provide specific record citations which support his conclusion.

12        D.  Failure to Review Records

13        The ALJ gave little weight to the opinions of Drs. Mitchell and Dees because they did not

14  review the longitudinal record. *See* AR 27-28. The ALJ failed to explain why these two doctors'

15  failure to review records discredits their opinions. *See* AR 27-28. Further, Drs. Mitchell and Dees

16  interviewed and observed Plaintiff and administered mental status examinations of Plaintiff. *See*

17  AR 572-76, 639-44. Defendant does not cite, nor does the Court find, authority holding an

18  examining physician's failure to supplement his or her own examination and observations with

19  additional records is a specific and legitimate reason to give less weight to the opinions. *See*

20  Dkt. 13.

21        E.  Activities of Daily Living

22        The ALJ also gave little weight to Dr. Dees' opinion because Plaintiff's reported

23  activities to Dr. Dees are inconsistent with the record. AR 28. The ALJ found

24

1
2
3

the claimant's reports to Dr. Dees are inconsistent with the longitudinal record. For example, she stated she reported having difficulty interacting with others socially, and being in groups of people. Yet she testified to talking with friends on the phone. In the medical records, she indicates she was helping a friend with cancer. She walks to the store and utilizes public transportation.

4 AR 28 (internal citations omitted).

5        The Court finds Plaintiff's reports to Dr. Dees are consistent with the examples provided

6 by the ALJ. Plaintiff reported to Dr. Dees she socializes once a week, shops independently, and

7 goes to the library several times per week. AR 641. She also reported she walked to her

8 appointment with Dr. Dees and uses the bus if it is not too crowded. AR 641. These activities are

9 consistent with talking on the phone with friends, walking to the store, and riding the bus. The

10 ALJ also noted Plaintiff helped a friend with cancer. AR 28. However, the record citation

11 provided by the ALJ states only that Plaintiff was "helping friend at Bailey-Boushay." AR 674.

12 There is no information showing how Plaintiff was helping the friend or if she helped on more

13 than one occasion. *See* AR 674. The Court, therefore, does not find this single record citation

14 inconsistent with Plaintiff's reports to Dr. Dees. As the ALJ has failed to show Plaintiff's

15 reported activities to Dr. Dees are inconsistent with record, this is not a specific and legitimate

16 reason supported by substantial evidence for giving little weight to Dr. Dees' opinion.

17        F.    Non-examining Doctors' Opinions

18        Plaintiff also argues the ALJ erred by giving great weight to the opinions of two non-

19 examining doctors because the opinions were not consistent with the objective medical evidence

20 or supported by Plaintiff's "wide range of activities." Dkt. 12, pp. 11-12. A non-examining

21 physician's opinion may constitute substantial evidence when it is consistent with other

22 independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

23 However, "[i]n order to discount the opinion of an examining physician in favor of the opinion

24

1 | of a non[-]examining medical advisor, the ALJ must set forth specific, legitimate reasons that are
2 | supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466
3 | (9th Cir. 1996) (*citing Lester*, 81 F.3d at 831). As the ALJ did not provide specific and legitimate
4 | reasons for discounting the opinions of Drs. Mitchell, Dees, and Rowlett, he erred when he
5 | discounted these three opinions in favor of the opinions of two non-examining doctors. On
6 | remand, the ALJ should re-evaluate all the medical opinion evidence.

7 | CONCLUSION

8 |     Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded
9 | Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and
10 | this matter is remanded for further administrative proceedings in accordance with the findings
11 | contained herein.

12 |     Dated this 20th day of January, 2017.

13

14 | David W. Christel
15 | United States Magistrate Judge

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 14